Judge: Honorable Mary Jo Hester
Chapter 7

CHRISTOPHER J. MARSTON
ATTORNEY FOR
STEPHEN LEE ATES, DEFENDANT
Davies Pearson, P.C.
920 Fawcett Ave.
Tacoma, WA 98402
cmarston@dpearson.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

In Re:

STEPHEN LEE ATES

                                Debtor.

WILLIAM C. GIBSON AND LAUREL
GIBSON,

                                Plaintiffs,

   v.

STEPHEN LEE ATES,

                                Defendant/DEBTOR.
And
KELLY ANN BRACE,

                                Defendant/Non-Debtor.

Bankruptcy No. 21-41090-MJH

Adversary Proceeding
No.: 21-04051-MJH

ANSWER AND AFFIRMATIVE
DEFENSES
(STEPHEN LEE ATES)

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 1 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

COMES NOW the Defendant, STEPHEN LEE ATES, by and through his attorney, CHRISTOPHER J. MARSTON of Davies Pearson, P.C., and submits this Defendant's Answer and Affirmative Defenses:

### JURISDICTION AND VENUE

1.      Defendant admits the allegations contained herein as to himself as a Defendant, and denies knowledge and information sufficient to form a belief as to those allegations against Kelly Ann Brace.

2.      Defendant admits the allegations contained herein.

3.      Defendant admits the allegations contained herein as to himself as a Defendant, and denies knowledge and information sufficient to form a belief as to those allegations against Kelly Ann Brace.

4.      Defendant admits the allegations contained herein as to himself as a Defendant, and denies knowledge and information sufficient to form a belief as to those allegations against Kelly Ann Brace.

### THE PARTIES

5.      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein.

6.      Defendant admits the allegations contained herein.

7.      Defendant admits the allegations contained herein.

8.      Defendant admits that, at times, he commingled personal funds and FCHI's funds, and he admits that he formed FCHI, among other reasons, to shield him from personal

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 2 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

liability as is allowed under the law. As to the remaining allegations contained herein, they are denied.

**COURSE OF PROCEEDINGS**

9.      Defendant admits the allegations contained herein.

10.     Defendant denies the allegations contained herein.

11.     Defendant admits the recitation of its schedule of assets. Defendant denies all other allegations contained herein.

12.     Defendant admits the allegations contained herein.

13.     Defendant admits the allegations contained herein.

14.     Defendant admits the allegations contained herein.

15.     Defendant admits the allegations contained herein.

16.     Defendant admits the allegations contained herein, except that these overdrafts were irrespective of any "necessary and promised costs of the Gibson's home construction," which particular allegation Defendant thus denies.

17.     Defendant admits the allegations contained herein.

18.     Defendant admits that he told Plaintiffs he was overbudget on the project, and that he acknowledged difficulty in paying subcontractors and materialmen. Defendant denies all other allegations contained herein.

19.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein with respect to the filing of a mechanic's lien against the Gibson Residence. Defendant admits that FCHI did not pay a plumbing subcontractor, but this was because Defendant had previously been fired by Plaintiffs.

20.     Defendant admits the allegations contained herein.

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 3 of 21

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

21.     Defendant denies that he spent $57,000.00 of Plaintiffs' deposit on "his personal living expenses, lifestyle, and other unpaid corporate obligations." Defendant admits the other allegations contained herein.

22.     Defendant denies the allegations contained herein.

23.     Defendant admits the allegations contained herein.

24.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein.

25.     Defendant denies that "all" of any money he withdrew from FCHI corporate accounts "can be attributed to funds requested, and received, for Plaintiffs' construction project." Defendant denies knowledge and information sufficient to form a belief as to the other allegations contained herein.

26.     Defendant admits the allegations contained herein.

27.     Defendant admits the allegations contained herein.

28.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

29.     Defendant admits the allegations as to the formation and duration of his marital community with Kelly Ann Brace, that she relied on his income to maintain the marital community, and that the marital community benefited from draws which he took from the company to pay community expenses. Defendant denies knowledge and information sufficient to form a belief as to the other allegations contained herein.

30.     Defendant admits the allegations contained herein.

31.     Defendant admits the allegations contained herein.

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 4 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1           32.      Defendant denies knowledge and information sufficient to form a belief as to

the allegations contained herein, and therefore denies the same.

           33.      Defendant denies knowledge and information sufficient to form a belief as to

the allegations contained herein, and therefore denies the same.

           34.      Defendant denies knowledge and information sufficient to form a belief as to

the allegations contained herein, and therefore denies the same.

           35.      Defendant admits the allegations contained herein.

           36.      Defendant admits the allegations contained herein.

           37.      Defendant admits the allegations contained herein.

           38.      Defendant admits the allegations contained herein.

           39.      Defendant admits the allegations contained herein.

           40.      Defendant denies knowledge and information sufficient to form a belief as to

the allegations contained herein, and therefore denies the same.

           41.      Defendant admits the allegations contained herein.

           42.      Defendant admits the allegations contained herein.

           43.      Defendant admits the allegations contained herein.

           44.      Defendant admits the allegations contained herein.

           45.      Defendant denies knowledge and information sufficient to form a belief as to

Plaintiffs' allegation that "Mr. Ates successfully received a debt discharge

through bankruptcy in 2009, he is not unfamiliar with that reward." Defendant admits all other

allegations contained herein.

           46.      Defendant admits the allegations contained herein.

           47.      Defendant denies the allegations contained herein.

**DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
Page 5 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON**, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    48.    Defendant denies the allegations contained herein.

2    49.    Defendant denies the allegations contained herein.

3    50.    Defendant admits that other prior customers of FCHI have actions pending

4    against him and/or FCHI. Defendant denies the other allegations contained herein.

5    51.    Defendant admits the allegations contained herein.

6    52.    Defendant denies the allegations contained herein.

7    53.    Defendant denies knowledge and information sufficient to form a belief as to

8    the allegations contained herein.

9    54.    Defendant denies knowledge and information sufficient to form a belief as to

10   the allegations contained herein.

11   55.    Defendant admits the allegations contained herein.

12   56.    Defendant admits the allegations contained herein.

13   57.    Defendant admits the allegations contained herein.

14   58.    Defendant admits the allegations contained herein.

15   59.    Defendant admits the allegations contained herein.

16   60.    Defendant admits the allegations contained herein.

17   61.    Defendant admits that a specific completion date of mid-June of 2019 does not

18   appear in the contract. Defendant admits that he provided Plaintiffs with a loose calendar

19   estimate of the timeline of work under the contract. Defendant denies all other allegations

20   contained herein.

21   62.    Defendant admits the allegations contained herein.

22   63.    Defendant admits the allegations contained herein, except that the document in

23   question was not intended to be a definitive materials list.

24   **DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
25   Page 6 of 21

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1       64.     Defendant denies the allegations contained herein.

2       65.     Defendant admits the allegations contained herein.

3       66.     Defendant denies knowledge and information sufficient to form a belief as to

4 the allegations contained herein, and therefore denies the same.

5       67.     Defendant admits the allegations contained herein.

6       68.     Defendant admits the allegations contained herein, with the clarification that

7 he did not know at the time of hiring the subcontractors at issue that they had been

8 unregistered.

9       69.     Defendant denies the allegations contained herein.

10       70.     Defendant denies the allegations contained herein as to misrepresentation by

11 him. Defendant denies knowledge and information sufficient to form a belief as to the other

12 allegations contained herein, and therefore denies the same.

13       71.     Defendant denies the allegations contained herein.

14       72.     Defendant denies knowledge and information sufficient to form a belief as to

15 the allegations contained herein, and therefore denies the same.

16       73.     Defendant denies the allegations contained herein.

17       74.     Defendant denies the allegations contained herein.

18       75.     Defendant denies the allegations contained herein as to "contract violations."

19 Defendant denies knowledge and information sufficient to form a belief as to the other

20 allegations contained herein.

21       76.     Defendant admits to not timely or fully paying certain subcontractors.

22 Defendant denies knowledge and information sufficient to form a belief as to the other

23 allegations contained herein.

24 **DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**

25 Page 7 of 21

kb /

26 c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    77.    Defendant denies the allegations contained herein.

2    78.    Defendant denies the allegations contained herein.

3    79.    Defendant denies the allegations contained herein.

4    80.    Defendant denies knowledge and information sufficient to form a belief as to

5    the other allegations contained herein, and therefore denies the same.

6    81.    Defendant admits the allegations contained herein.

7    82.    Defendant denies the allegations contained herein.

8    83.    Defendant denies the allegations contained herein.

9    84.    Defendant denies the allegations contained herein.

10    85.    Defendant denies the allegations contained herein.

11    86.    Defendant denies having made any "misrepresentation" as alleged herein.

12    Defendant denies knowledge and information sufficient to form a belief as to the other

13    allegations contained herein, and therefore denies the same.

14    87.    Defendant denies the allegations contained herein.

15    88.    Defendant denies the allegations contained herein.

16    89.    Defendant denies that the funds provided by Plaintiffs as alleged herein were

17    not used for installing a septic system. Defendant admits all other allegations contained herein.

18    90.    Defendant denies the allegations contained herein.

19    91.    Defendant denies the allegations contained herein.

20    92.    Defendant admits the allegations contained herein.

21    93.    Defendant admits the allegations in the first sentence as to the invoice.

22    Defendant denies the allegations in the second sentence as to unpaid subcontractors.

23

24    **DEFENDANT'S ANSWER**
      **AND AFFIRMATIVE DEFENSES**

25    Page 8 of 21

      kb /
26    c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
      \answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

Defendant denies knowledge and information sufficient to form a belief as to the rest of the allegations contained herein.

94.     Defendant denies the allegations contained herein.

95.     Defendant denies the allegations contained herein.

96.     Defendant denies the allegations contained herein.

97.     Defendant denies the allegations contained herein.

98.     Defendant admits that his corporate account was garnished but denies knowledge and information sufficient to form a belief as to exactly when this took place. Defendant denies that he was "preparing to take a vacation." Defendant denies all other allegations contained herein.

99.     Defendant admits the substance and timing of the correspondence between him and Plaintiffs regarding the concrete basement slab. Defendant denies that he made a false statement regarding the same, and denies all other allegations contained herein.

100.    Defendant admits that Plaintiffs hired "another builder" as alleged. Defendant denies all other allegations contained herein.

101.    Defendant denies the allegations contained herein.

102.    Defendant denies the allegations contained herein.

103.    Defendant denies the allegations contained herein.

104.    Defendant denies the allegations contained herein.

105.    Defendant denies the allegations contained herein.

106.    Defendant denies the allegations contained herein.

107.    Defendant denies the allegations contained herein.

108.    Defendant denies the allegations contained herein.

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

109.    Defendant denies the allegations contained herein.

110.    Defendant denies the allegations contained herein.

111.    Defendant denies the allegations contained herein.

112.    Defendant denies having materially breached the contract. Defendant admits that Plaintiffs terminated the construction contract as dated.

113.    Defendant denies the allegations contained herein.

114.    Defendant admits the allegations contained herein.

115.    Defendant admits to sending a letter of termination to Plaintiffs. Defendant denies that the claim of money owed was false.

116.    Defendant denies the allegations contained herein.

117.    Defendant denies the allegations contained herein.

118.    Defendant denies the allegations contained herein.

119.    Defendant denies the allegations contained herein.

120.    Defendant denies the allegations contained herein.

121.    Defendant denies the allegations contained herein.

122.    Defendant denies the allegations contained herein.

123.    Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein.

124.    Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein.

125.    Defendant denies the allegations contained herein.

126.    Defendant denies the allegations contained herein.

127.    Defendant denies the allegations contained herein.

**DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
Page 10 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1  128.   Defendant denies the allegations contained herein.

2  129.   Defendant admits that he hired Cletus Lovell to do the work as alleged herein.

3  Defendant denies knowing at the time that Mr. Lovell was unregistered. Defendant denies that

4  the work was "poor and incomplete." Defendant denies knowledge and information sufficient

5  to form a belief as to the other allegations contained here, and therefore denies the same.

6  130.   Defendant denies the allegations contained herein. The painters were "All Pro

7  Painting," and they were registered.

8  131.   Defendant denies the allegations contained herein.

9  132.   Defendant denies the allegations contained herein.

10  133.   Defendant admits the allegations contained herein. Defendant did not know at

11  the time that Zach Irish was unregistered.

12  134.   Defendant denies the allegations contained herein.

13  135.   Defendant denies knowledge and information sufficient to form a belief as to

14  the allegations contained herein.

15  136.   Defendant answers the allegations contained herein as follows:

16      a.  Defendant admits the allegations contained herein, but denies that he did as

17          alleged to deliberately minimize his income tax liability.

18      b.  Defendant admits the allegations contained herein.

19      c.  Defendant admits the allegations contained herein.

20      d.  Defendant denies knowledge and information sufficient to form a belief as to

21          the allegations contained herein.

22      e.  Defendant admits the allegations contained herein.

23      f.  Defendant denies the allegations contained herein.

24  **DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
25  Page 11 of 21
    kb /
26  c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
    \answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1        g.   Defendant denies the allegations contained herein.

2        h.   Defendant denies knowledge and information sufficient to form a belief as to

3              the allegations contained herein.

4        i.   Defendant admits in part and denies in part the allegations contained herein; he

5              did characterize the "the large personal repayments to his sister" alleged as

6              "corporate expenses," but this is because it was for a business debt to the

7              Department of Revenue.

8    137.   Defendant denies the allegations contained herein.

9    138.   Defendant denies the allegations contained herein.

10    139.   Defendant admits to having filed for bankruptcy in 2009. Defendant denies all

11 other allegations contained herein.

12    140.   Defendant denies the allegations contained herein.

13    141.   Defendant denies the allegations contained herein. Defendant did not pay Port

14 Orchard Plumbing because Plaintiffs did not pay a scheduled draw and fired Defendant.

15    142.   Defendant denies knowledge and information sufficient to form a belief as to

16 the allegations contained herein, and therefore denies the same.

17    143.   Defendant denies the allegations contained herein.

18    144.   Defendant denies the allegations contained herein.

19    145.   Defendant denies the allegations contained herein.

20    146.   Defendant denies the allegations contained herein.

21    147.   Defendant denies knowledge and information sufficient to form a belief as to

22 the allegations contained herein.

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 12 of 21

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

148. Defendant realleges and incorporates by reference Paragraphs 1 through 147 of this Complaint as if fully set forth herein.

149. Defendant denies the allegations contained herein.

150. Defendant denies the allegations contained herein.

151. Defendant admits the allegations contained herein.

152. Defendant denies the allegations contained herein.

153. Defendant admits the allegations contained herein.

154. Defendant admits in part and denies in part the allegations contained herein; Plaintiff did acknowledge knowing that the some of the subcontractors were unregistered, but he did not know that at the time.

155. Defendant denies the allegations contained herein.

156. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

157. Defendant denies the allegations contained herein.

158. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

159. Defendant denies the allegations contained herein.

160. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

161. Defendant denies the allegations contained herein.

162. Defendant denies the allegations contained herein.

163. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein, and therefore denies the same.

**DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
Page 13 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    164.    Defendant denies the allegations contained herein.

2    165.    Defendant denies the allegations contained herein.

3    166.    Defendant denies the allegations contained herein.

4    167.    Defendant denies knowledge and information sufficient to form a belief as to

5    the allegations contained herein, and therefore denies the same.

6    168.    Defendant denies knowledge and information sufficient to form a belief as to

7    the allegations contained herein, and therefore denies the same.

8    169.    Defendant admits the allegations contained herein.

9    170.    Defendant denies the allegations contained herein.

10   171.    Defendant denies the allegations contained herein.

11   172.    Defendant denies the allegations contained herein.

12   173.    Defendant denies the allegations contained herein.

13   174.    Defendant denies the allegations contained herein.

14   175.    Defendant denies the allegations contained herein.

15   176.    Defendant denies knowledge and information sufficient to form a belief as to

16   the allegations contained herein, and therefore denies the same.

17   177.    Denied as calling for a legal conclusion.

18   178.    Defendant denies the allegations contained herein.

19   179.    Defendant denies the allegations contained herein.

20   180.    Defendant realleges and incorporates by reference Paragraphs 1 through 179

21   of this Complaint as if fully set forth herein

22   181.    Defendant denies the allegations contained herein.

23

24   **DEFENDANT'S ANSWER**
     **AND AFFIRMATIVE DEFENSES**

25   Page 14 of 21
     kb /

26   c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
     \answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1        182.    Defendant denies knowledge and information sufficient to form a belief as to

2   the allegations contained herein.

3        183.    Defendant denies the allegations contained herein.

4        184.    Defendant denies the allegations contained herein.

5        185.    Defendant denies the allegations contained herein.

6        186.    Defendant denies the allegations contained herein.

7        187.    Defendant realleges and incorporates by reference Paragraphs 1 through 186

8   of this Complaint as if fully set forth herein

9        188.    Defendant denies the allegations contained herein.

10       189.    Defendant denies the allegations contained herein.

11       190.    Defendant denies the allegations contained herein, and further denies as

12  calling for a legal conclusion.

13       191.    Defendant denies the allegations contained herein.

14       192.    Defendant denies the allegations contained herein.

15       193.    Defendant denies the allegations contained herein.

16       194.    Defendant denies the allegations contained herein, and further denies as

17  calling for a legal conclusion.

18       195.    Denied as calling for a legal conclusion.

19       196.    Defendant denies knowledge and information sufficient to form a belief as to

20  the allegations contained herein, and therefore denies the same, and further denies as calling

21  for a legal conclusion.

22       197.    Defendant denies the allegations contained herein.

23       198.    Denied as calling for a legal conclusion.

24  **DEFENDANT'S ANSWER**
    **AND AFFIRMATIVE DEFENSES**
25  Page 15 of 21

    kb /
26  c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
    \answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    199.    Defendant denies the allegations contained herein.

2    200.    Defendant denies the allegations contained herein.

3    201.    Defendant admits that he went through another bankruptcy in 2009, owing to

4    the Great Recession. Defendant denies the other allegations contained herein.

5    202.    Defendant denies the allegations contained herein.

6    203.    Defendant realleges and incorporates by reference Paragraphs 1 through 202

7    of this Complaint as if fully set forth herein

8    204.    Defendant denies the allegations contained herein.

9    205.    Defendant denies the allegations contained herein.

10   206.    Defendant denies the allegations contained herein.

11   207.    Defendant denies the allegations contained herein.

12   208.    Defendant denies the allegations contained herein.

13   209.    Defendant admits that FCHI did not pay a plumbing subcontractor, but this

14   was because Defendant had previously been fired by Plaintiffs. Defendant denies knowledge

15   and information sufficient to form a belief as to the other allegations contained herein, and

16   therefore denies the same.

17   210.    Defendant denies the allegations contained herein.

18   211.    Defendant denies the allegations contained herein.

19   212.    Defendant denies the allegations contained herein.

20   213.    Defendant denies the allegations contained herein.

21   214.    Defendant denies the allegations contained herein.

22   215.    Defendant denies the allegations contained herein.

23   216.    Defendant denies the allegations contained herein.

**DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
Page 16 of 21
kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1   217.    Defendant denies the allegations contained herein.

2   218.    Defendant realleges and incorporates by reference Paragraphs 1 through 217

3   of this Complaint as if fully set forth herein

4   219.    Defendant denies the allegations contained herein.

5   220.    Defendant denies the allegations contained herein.

6   221.    Defendant denies the allegations contained herein.

7   222.    Defendant denies the allegations contained herein.

8   223.    Defendant denies the allegations contained herein.

9   224.    Defendant denies the allegations contained herein.

10  225.    Defendant denies the allegations contained herein.

11  226.    Defendant denies the allegations contained herein.

12  227.    Defendant denies the allegations contained herein.

13  228.    Defendant realleges and incorporates by reference Paragraphs 1 through 227

14  of this Complaint as if fully set forth herein

15  229.    Defendant denies the allegations contained herein.

16  230.    Defendant denies the allegations contained herein.

17  231.    Defendant denies the allegations contained herein.

18  232.    Defendant realleges and incorporates by reference Paragraphs 1 through 231

19  of this Complaint as if fully set forth herein

20  233.    Defendant denies the allegations contained herein.

21  234.    Defendant denies knowledge and information sufficient to form a belief as to

22  the allegations contained herein.

23  235.    Defendant denies the allegations contained herein.

24  **DEFENDANT'S ANSWER**
**AND AFFIRMATIVE DEFENSES**

25  Page 17 of 21

26  kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    236.   Defendant denies the allegations contained herein.

2    237.   Defendant denies the allegations contained herein.

3    238.   Defendant denies the allegations contained herein.

4    239.   Defendant denies the allegations contained herein.

5    240.   Defendant realleges and incorporates by reference Paragraphs 1 through 239

6    of this Complaint as if fully set forth herein.

7    241.   Defendant denies knowledge and information sufficient to form a belief as to

8    the allegations contained herein.

9    242.   Defendant denies knowledge and information sufficient to form a belief as to

10   the allegations contained herein.

11   243.   Defendant denies knowledge and information sufficient to form a belief as to

12   the allegations contained herein.

13   244.   Defendant denies knowledge and information sufficient to form a belief as to

14   the allegations contained herein.

15   245.   Defendant denies knowledge and information sufficient to form a belief as to

16   the allegations contained herein.

17   246.   Defendant denies the allegations contained herein.

18   247.   Defendant denies the allegations contained herein.

19                          **<u>RESERVATION OF RIGHTS</u>**

20   A.     Defendant denies all allegations in Plaintiff's Complaint not specifically and

21   expressly admitted herein.

22   B.     Defendant denies Plaintiff's prayer in its entirety and imposes upon Plaintiff

23   strict proof thereof.

24   **DEFENDANT'S ANSWER**                    **DAVIES PEARSON, P.C.**
     **AND AFFIRMATIVE DEFENSES**             ATTORNEYS AT LAW
25   Page 18 of 21                            920 FAWCETT -- P.O. BOX 1657
                                              TACOMA, WASHINGTON 98401
26   kb /                                     TELEPHONE (253) 620-1500
     c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n   TOLL-FREE (800) 439-1112
     \answer + affirmative defenses.docx     FAX (253) 572-3052

1    C.    Defendant reserves the right to assert additional affirmative defenses made

2    known through discovery and investigation and reserves the right to assert additional

3    counterclaims, crossclaims, and/or third-party claims in addition to those asserted herein.

4    Plaintiff is also notified that although Defendant is asserting defenses "subject to further

5    discovery" to preserve his right to maintain them if and as discovery herein shall warrant,

6    Defendant will voluntarily withdraw them if at the conclusion of discovery and investigation

7    herein he determines there is no evidence to support them.

8

9                              **AFFIRMATIVE DEFENSES**

10        BY WAY OF FURTHER ANSWER AND AS AFFIRMATIVE DEFENSES,

11   Defendant, without admitting any matters previously denied and without waiving any claims,

12   counterclaims, third-party claims, defenses, or remedies, alleges as follows as to some or all

13   of Plaintiffs' claims:

14        A.    Plaintiffs have failed to state a claim upon which relief may be granted.

15        B.    Plaintiffs' injuries or damages, if any, were caused in whole or in part by

16   Plaintiffs' own acts or omissions and/or the acts or omissions of a third-party or non-party.

17        C.    Some or all of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate

18   their damages, if any, and to protect themselves from avoidable consequences.

19        D.    Some or all of Plaintiffs' claims are barred by the doctrines of unclean hands,

20   waiver, laches, and/or estoppel.

21        E.    Some or all of Plaintiffs' claims are barred by accord and satisfaction.

22

23

24   **DEFENDANT'S ANSWER**
     **AND AFFIRMATIVE DEFENSES**

25   Page 19 of 21
     kb /

26   c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
     \answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

**DEFENDANT'S PRAYER FOR RELIEF**

Having answered Plaintiffs' Complaint, Defendant hereby prays for the following relief:

1.  For dismissal of all of Plaintiffs' claims, with prejudice;

2.  For an award of reasonable attorneys' fees and costs, as provided for by contract, statute, or in equity; and

3.  For such other and further relief as this Court deems just and proper.

DATED this 17th day of November, 2021.

DAVIES PEARSON, P.C.

*/s/ Christopher J. Marston*

_____
CHRISTOPHER J. MARSTON,
 WSB #30571
Attorneys for Defendant Stephen Lee Ates

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 20 of 21

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

/s/ Kathy Bates_____
Kathy A. Bates, Legal Assistant

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**
Page 21 of 21

kb /
c:\users\kbates_dpearson.com\appdata\local\microsoft\windows\inetcache\content.outlook\77nl369n
\answer + affirmative defenses.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052